UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEAN HOTOP, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>    Defendant. | Case No. 18-CV-02024-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 24 |

Plaintiffs, who are landlords in the City of San Jose ("City"), challenge disclosure requirements contained in the City's rent control ordinance. Plaintiffs' first amended complaint ("FAC") alleges that the disclosure requirements violate numerous provisions of the United States Constitution. ECF No. 15. The City moves to dismiss Plaintiffs' FAC for failure to state a claim. ECF No. 24. Having considered the parties' motions, the record in this case, and the applicable law, the Court GRANTS the City's motion to dismiss Plaintiffs' FAC without prejudice.

## I. BACKGROUND

### A. Factual Background

Plaintiffs are "long standing apartment owners and operators in the City of San Jose" and the Small Property Owners Association - San Jose ("SPOA-SJ"), a trade association of San Jose

landlords. FAC ¶ 3–4. The City is a municipal corporation. *Id.* ¶ 6.

On November 28, 2017, the City passed Ordinance No. 30032 to amend the City's Apartment Rent Ordinance ("Ordinance"), located at Chapter 17.23 of Title 17 of the City's municipal code. *Id.* ¶ 8; *see* Ex. A (text of Ordinance). The revised Ordinance became effective December 29, 2017. Ex. A at Cover. On November 14, 2017, the City adopted Resolution 78413, which amended the City's regulations (the "Regulations") related to the implementation of the Ordinance. FAC ¶ 9; *see* FAC, Ex. B (text of Regulations amendments). Plaintiffs allege that Plaintiffs are subject to the Ordinance and Regulations, and challenge certain information disclosure requirements contained therein. *Id.* ¶ 10. The Ordinance and Regulations are attached to Plaintiffs' FAC; accordingly, the Court considers the text of the Ordinance and Regulations as part of the FAC. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Three information disclosure requirements are at issue.

First, the Ordinance establishes a "Rent Registry" requirement (the "Registry"). FAC ¶ 11. Under the Registry provision, landlords subject to the Ordinance "shall complete and submit to the Director a registration for each Rent Stabilized Unit on a City approved form, annually unless some other interval is specified by the City in the Regulations." San Jose, Cal., Code § 17.23.900(A). A Rent Stabilized Unit is defined as "a Rental Unit in any Guesthouse or in any Multiple Dwelling building for which a certificate of occupancy was issued on or prior to September 7, 1979 or that was offered or available for rent on or before this date." *Id.* at § 17.23.167(A). "Rental Units in a building containing one (1) or two (2) dwelling units" are not considered Rent Stabilized Units, and are thus not subject to the Registry. *Id.* at § 17.23.167(B)(4). Per the Regulations, a covered landlord must include on the Registry form the unit's address, "occupancy status . . . and if occupied, the commencement date of the current tenancy," the "[h]istory of Rent charged" for the unit, the amount of the security deposit charged, the number and names of the current tenants, and the "[h]ousehold services that are being provided at the inception of the tenancy." FAC ¶ 12; *see* Ex. B at 5.

2

Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

Second, the Ordinance requires covered landlords to give the City a copy of any "Notice of Termination" the landlords issue to tenants. FAC ¶ 14. A covered landlord must also inform the City when the tenant vacates the unit:

> Unless the Landlord is already obligated to re-register the Rent Stabilized Unit on vacancy or re-rental pursuant to the Regulations, once a Tenant Household has vacated a Rent Stabilized Unit such Landlord shall be required to provide the Director with the following information in a form approved by the Director, subject to California Civil Code 1947.7, as amended:
> 1. The amount of Rent that the subsequent Tenant is actually paying each month; []
> 2. The physical address of the Rent Stabilized Unit; []
> 3. The name of each subsequent tenant; []
> 4. A copy of the written rental agreement (if any) between the Landlord and Tenant; []
> 5. The reason, the prior Tenant vacated the Rent Stabilized Unit, if known; and
> 6. Such other information as may be reasonably requested by the City.

San Jose, Cal., Code § 17.23.600(C). The Ordinance further provides that "Personally-identifying information about Tenants and Tenant Households received by the City pursuant to this Section shall be used for investigation and prosecution of violations of the Municipal Code or other applicable laws." *Id.* at § 17.23.600(D).

Third, the Ordinance imposes disclosure requirements related to buyout agreements. FAC ¶ 16. Specifically, in order "to increase the fairness of Buyout Offers and Agreements," the Ordinance "require[es] Landlords provide Tenants with a City Disclosure form, and permit[s] Tenants to rescind Buyout Agreements, provided conditions are met, within forty-five (45) days of executing the Buyout Agreement." San Jose, Cal., Code § 17.23.700. The Ordinance also aims "to obtain data relating to the prevalence of Buyout Agreements, so as to monitor the level of tenant displacement, and regulate compliance with the purposes of this Chapter." *Id.*

Plaintiffs allege that the Ordinance—in particular its disclosure requirements—violates multiple provisions of the United States Constitution, although Plaintiffs do not separate their causes of action in the FAC. *See* FAC ¶ 21 (bringing one claim for relief for a violation of 42 U.S.C. § 1983). Under the single heading "Violation of Civil Rights Under 42 U.S.C. Section 1983," Plaintiffs assert the following alleged constitutional violations: (1) facial and as-applied

3
Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

claims for unreasonable search and seizure under the Fourth and Fourteenth Amendments of the United States Constitution; (2) facial and as-applied claims for imposition of unconstitutional conditions under the Fourth and Fourteenth Amendments; (3) facial and as applied takings claims under the Fifth Amendment; (4) an equal protection claim under the Fourteenth Amendment; and (5) violation of the Contracts Clause. *Id.* ¶¶ 21-29. Plaintiffs request damages in an unspecified amount, declaratory and injunctive relief, and attorney's fees and costs. *Id.*

**B. Procedural History**

On April 3, 2018, Plaintiffs filed a Complaint against the City. ECF No. 1. On June 4, 2018, the City filed a motion to dismiss Plaintiff's Complaint. ECF No. 14. Then, on June 15, 2018, Plaintiffs filed the FAC. ECF No. 15. The Court found that the City's motion to dismiss Plaintiff's Complaint was moot. ECF No. 16.

Then, on July 6, 2018, the City filed the instant motion to dismiss the FAC. ECF No. 24 ("Mot."). The City also requested the Court take judicial notice of six documents. ECF No. 24-1. On August 10, 2018, Plaintiffs filed an opposition, ECF No. 31 ("Opp."), and on September 7, 2018, the City filed a Reply. ECF No. 33 ("Reply").

**II. LEGAL STANDARD**

**A. Motion to Dismiss Under Rule 12(b)(6)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule

4
Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Nonetheless, a court may in its discretion "deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### C. Judicial Notice

In support of the City's motion to dismiss, the City has requested the Court to take judicial notice of six documents. ECF No. 24-1. The documents are: (1) the minutes of two meetings of the San Jose City Council in 2016 and 2017; (2) two memoranda written by the Director of the San Jose Department of Housing before the City Council meetings, both of which provide analysis and recommendations to the San Jose Mayor and City Council relating to the Ordinance; (3) the original San Jose Rental Dispute Mediation and Arbitration Ordinance adopted by the City in 1979; and (4) Section 605 of the San Jose City Charter. *Id.* at 2. Plaintiffs do not oppose this request or dispute the authenticity of the six documents. *See generally* Opp.

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000 (taking judicial notice of a filed complaint as a public record).

However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record . . . . But a court may not take judicial notice of a fact that is subject to reasonable dispute." (internal quotation marks and citation omitted)), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

The Court agrees with the City that all six documents are subject to judicial notice. As public records, the City Council minutes, prior version of the Ordinance, and San Jose City Charter are all subject to judicial notice. *See Sumner Peck Ranch, Inc. v. Bureau of Reclamation*, 823 F. Supp. 715, 724 (E.D. Cal. 1993) (taking judicial notice of minutes of government agency board meeting); *Catholic League for Religious & Civil Rights v. City & Cty. of S.F.*, 464 F. Supp.

6

2d 938 (N.D. Cal. 2006) (taking judicial notice of municipal legislative body's resolutions). Moreover, the memoranda by the Director of the Department of Housing are also matters of public record, and the Court will take judicial notice of the two memoranda to the extent that the facts therein are not subject to reasonable dispute. *Lee*, 250 F.3d at 689; *see also Comm. for Reasonable Regulation of Lake Tahoe v. Tahoe Reg'l Planning Agency*, 311 F. Supp.2d 972, 1000 (D. Nev. 2004) (taking judicial notice of memoranda and reports prepared by government agency staff).

## III. DISCUSSION

In its motion to dismiss, the City contends that Plaintiffs' FAC should be dismissed because (1) Plaintiffs lack standing to assert claims on behalf of their tenants, Mot. at 9; (2) the Court lacks subject matter jurisdiction over Plaintiffs' Takings Clause claims, Mot. at 9–11; (3) Plaintiffs' as-applied claims should be dismissed because the FAC does not allege that the City applied the disclosure requirements to Plaintiffs, Mot. at 11; and (4) Plaintiffs fail to allege facts sufficient to state any of Plaintiffs' other constitutional claims. Mot. at 11–22. For the reasons stated below, the Court GRANTS the City's motion to dismiss.

As an initial matter, the City contends that Plaintiffs have failed to allege that the City has actually applied the rent registry to Plaintiffs and their properties, and that the Court must therefore dismiss Plaintiffs' as-applied claims. Mot. at 11. "[A] facial challenge is a challenge to an entire legislative enactment or provision." *Hoye v. City of Oakland*, 653 F.3d 835, 857 (9th Cir. 2011). By contrast, an as-applied claim "challenges only one of the rules in a statute, a subset of the statute's applications, or the application of the statute to a specific factual circumstance." *Id.* "That the statute has not been applied to [a plaintiff] does not preclude [the plaintiff] from bringing a pre-enforcement, as-applied challenge." *Isaacson v. Horne*, 716 F.3d 1213, 1230 n.15 (9th Cir. 2013). Although Plaintiffs do not clearly articulate the differences between Plaintiffs' as-applied and facial challenges, the City points to no authority requiring Plaintiffs to specifically plead that the City has *already* applied a statute to them. *Cf.* Mot. at 11. Moreover, "the distinction [between facial and as-applied challenges] matters primarily to the remedy appropriate

7

Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

if a constitutional violation is found." *Isaacson*, 716 F.3d at 1230.

Regardless of how Plaintiffs' claims are construed, Plaintiffs fail to allege facts sufficient to state any of the claims Plaintiffs assert. As stated above, under the single heading "Violation of Civil Rights Under 42 U.S.C. Section 1983," Plaintiffs assert the following alleged constitutional violations: (1) facial and as-applied claims for unreasonable search and seizure under the Fourth and Fourteenth Amendments of the United States Constitution; (2) facial and as-applied claims for imposition of unconstitutional conditions under the Fourth and Fourteenth Amendments; (3) facial and as applied takings claims under the Fifth Amendment; (4) an equal protection claim under the Fourteenth Amendment; and (5) violation of the Contracts Clause. *Id.* ¶¶ 21-29. The Court addresses each in turn. As the Court notes below where relevant, Plaintiffs' briefing also appears to raise constitutional claims not articulated in the FAC or to recharacterize claims in the FAC.

### A. Fourth Amendment Search and Seizure

Plaintiffs allege that the Ordinance violates Plaintiffs' Fourth Amendment rights because the Ordinance requires landlords to divulge their "private business records . . . not found in the public domain." FAC ¶¶ 17, 23. As with Plaintiffs' other allegations, Plaintiffs do not allege which of the three Ordinance disclosure requirements—the Registry, the termination notice disclosure, or the buyout agreement disclosure—violates the Fourth Amendment, or whether all three do. The City contends that Plaintiffs' Fourth Amendment claim should be dismissed because Plaintiffs lack a reasonable privacy interest in the information the Ordinance requires landlords to submit. Mot. at 17.

The Fourth Amendment protects individuals against "unreasonable searches and seizures." *City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2447 (2015). A Fourth Amendment "violation occurs when government officers violate a person's 'reasonable expectations of privacy.'" *United States v. Jones*, 565 U.S. 400, 406 (2012) (quoting *Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J., concurring). In addition, the Fourth Amendment protects against the government's "physical intrusion of a constitutionally protected area." *Florida v. Jardines*, 569 U.S. 1, 5 (2013) (internal quotation marks omitted). Warrantless searches are "per se unreasonable," subject to "a

8
Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (internal quotation marks omitted). Among those exceptions is the administrative search doctrine, which permits government "searches for certain administrative purposes without particularized suspicion of misconduct, provided that those searches are appropriately limited." *City of Indianapolis v. Edmond*, 531 U.S. 32, 37 (2000).

In support of Plaintiffs' claim that the Ordinance disclosure requirements violate the Fourth Amendment, Plaintiffs rely principally on the United States Supreme Court's decision in *Patel*, 135 S. Ct. 2443. *See* Opp. at 6–13. At issue in *Patel* was a Los Angeles ordinance that required hotel owners to (1) keep records of certain information relating to hotel guests; and (2) permit police inspection of the hotel owners' guest records "on demand." 135 S. Ct. at 2447. Failure to permit inspection was a criminal misdemeanor. *Id.* at 2448. The United States Supreme Court acknowledged that the Los Angeles ordinance, on its face, might appear to satisfy the administrative search exception to the warrant requirement. *Id.* at 2452. However, the *Patel* Court stated, "absent consent, exigent circumstances, or the like, in order for an administrative search to be constitutional, the subject of the search must be afforded an opportunity to obtain precompliance review before a neutral decisionmaker." *Id.* (citing *See v. City of Seattle*, 387 U.S. 541, 545 (1967)). The Los Angeles ordinance provided no such precompliance review and permitted officers to arrest a noncompliant hotel owner "on the spot," which created "an intolerable risk that searches authorized by [the ordinance] will exceed statutory limits, or be used as a pretext to harass hotel operators and their guests." *Id.* at 2452–53. The United States Supreme Court thus concluded that the Los Angeles ordinance was facially invalid under the Fourth Amendment. *Id.* at 2456.

Plaintiffs contend that the Ordinance, like the Los Angeles ordinance in *Patel*, violates the Fourth Amendment because the Ordinance "promises criminal sanctions for non-compliance . . . rather than an administrative review process." *Id.* at 14. It is true that a government's civil "monitoring program" may implicate the Fourth Amendment. *Grady v. North Carolina*, 135 S. Ct. 1368, 1371 (2015) (per curiam) ("[T]he government's purpose in collecting information does

9

Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

not control whether the method of collection constitutes a search."). However, Plaintiffs fail to articulate how the Ordinance disclosure requirements implicate Plaintiffs' protected constitutional interests. Plaintiffs make only the conclusory allegation that Plaintiffs' business records are "private" and "not found in the public domain." FAC ¶ 17.

In *Patel*, the en banc Ninth Circuit had concluded that the inspections under the Los Angeles ordinance implicated hotel owners' Fourth Amendment rights because the inspections worked "both a physical intrusion upon a hotel's papers and an invasion of the hotel's protected privacy interest in those papers." *Patel v. City of L.A.*, 738 F.3d 1058, 1061 (9th Cir. 2013) (en banc). The hotel records contained "commercially sensitive information . . . —e.g., customer lists, pricing practices, and occupancy rates"; hence, the hotel owners had a reasonable expectation of privacy in the records. *Id.* at 1062. The City contends that Plaintiffs lack a reasonable privacy interest in the information subject to the Ordinance's disclosure requirements. Mot. at 18.

In support, the City cites the Ninth Circuit's recent decision in *San Francisco Apartment Association v. City & County of San Francisco*, 881 F.3d 1169 (9th Cir. 2018). In *Apartment Association*, the Ninth Circuit addressed several constitutional challenges to a San Francisco ordinance regulating buyout agreements between landlords and tenants. *Id.* at 1173–74. The San Francisco ordinance required landlords to submit buyout agreements to the City for placement on a publicly searchable database of buyout agreements that included landlords' "business contact information [and] the address of any rental unit subject to a buyout agreement." *Id.* at 1178. The Ninth Circuit concluded that the landlords lacked a privacy interest under the California Constitution in the information listed on the buyout agreements because the landlords had to share similar information with the City in order to petition for certain rent increases or to apply for condominium conversions. *Id.* at 1178–79. Further, the Ninth Circuit explained that "financial information relating to real estate and land use transactions is regularly filed with government entities and made publicly accessible." *Id.* at 1179.

Here, the City identifies several provisions in the Ordinance and Regulations that require landlords to submit information that is similar to the information the Ordinance disclosure

10

Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

provisions require landlords to submit. For example, under the Ordinance, a landlord may file a petition to raise rent beyond the amount permitted by the Ordinance. San Jose, Cal., Code § 17.23.800; FAC, Ex. A at 29. In such a petition, a landlord must include documentation, which may include tax returns, "[r]eceipts, cancelled checks, and detailed invoices," and other evidence "that may tend to show that rents were unusually low." FAC, Ex. B at 19; *see also id.* at 30 (requiring landlord applying to pass onto tenants the cost of capital improvements to document "[t]he number of Rent Stabilized Units, the occupancy status of each Rent Stabilized Unit, and the Rent charged for each Rent Stabilized Unit" benefiting from the proposed capital improvement). Moreover, the Ordinance permits tenants to petition the City to challenge an alleged rent overcharge or other violations of the Ordinance. FAC, Ex. A at 19. Such a petition may include documentation about the household services the landlord provides to Plaintiff, and could include other information about the tenants' rent and the landlord's identity. *See* FAC, Ex. B at 11. Plaintiffs do not allege or explain how the information implicated by the Ordinance disclosure requirements differs meaningfully from the information that landlords—and their tenants—must or might include in the aforementioned petitions.

Without such supporting facts, Plaintiffs' allegation that the Ordinance requires Plaintiffs to share "private business records that is not found in the public domain" is a legal conclusion. *See Adams*, 355 F.3d at 1183 ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."). Thus, Plaintiffs' Fourth Amendment claim must be dismissed.

**B. Unconstitutional Conditions on Fourth Amendment Rights**

Plaintiffs allege that the disclosure requirements in the Ordinance and Regulations violate the Constitution "by imposing . . . an unconstitutional condition and restriction on their ownership and renting of property." FAC ¶ 23. In the same paragraph, Plaintiffs also allege that the imposition of such unconstitutional conditions violates "the substantive and procedural components" of the Due Process Clause. *Id.* In Plaintiffs' briefing, Plaintiffs contend that the Ordinance burdens Plaintiffs' Fourth Amendment rights because the Ordinance "condition[s] an

11
Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

owner's rights to raise rents . . . on the [owner] forfeiting and relinquishing their fundamental enumerated Fourth Amendment rights." Opp. at 16.

First, the unconstitutional conditions doctrine "limits the government's ability to exact waivers of rights as a condition of benefits." *United States v. Scott*, 450 F.3d 863, 866 (9th Cir. 2006). As explained above, Plaintiffs have not adequately alleged that the Ordinance's disclosure requirements violate Plaintiffs' Fourth Amendment rights. Absent a Fourth Amendment right that Plaintiffs are forced to waive, Plaintiffs cannot state an unconstitutional conditions claim. *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 612 (2013) ("A predicate for any unconstitutional conditions claim is that the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing."). Thus, Plaintiffs' Fourth Amendment unconstitutional conditions claim must be dismissed.

Second, it is unclear whether Plaintiffs' allegation that the Ordinance violates "the substantive and procedural components" of the Due Process Clause is a separate allegation, or is derivative of Plaintiffs' allegation that the Ordinance imposes unconstitutional conditions on the exercise of Plaintiffs' Fourth Amendment rights. FAC ¶ 23. Plaintiffs' due process allegation appears in the same paragraph in the FAC as Plaintiffs' Fourth Amendment claim, and the FAC includes no separate explanation for its basis. *Id.* In Plaintiffs' opposition, Plaintiffs characterize Plaintiffs' due process argument as premised on "the unconstitutional conditions doctrine in the land use context." Opp. at 22. Accordingly, the Court will address Plaintiffs' second unconstitutional conditions argument below, in the context of Plaintiffs' other land use constitutional challenges.

**C. Takings Clause**

Plaintiffs allege that the disclosure requirements in the Ordinance and Regulations violate their Fifth Amendment "rights to be free of a taking of their property without due process of law and without just compensation." FAC ¶ 24. Plaintiffs further allege that the Court "has jurisdiction to hear the matter without exhaustion of state remedies." *Id.* ¶ 25. The City contends that the Court lacks subject matter jurisdiction over Plaintiffs' Takings Clause claim because

12
Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiffs have not alleged that the takings claims are ripe for review. Mot. at 9–10.

The Takings Clause of the Fifth Amendment, as applied to the states through the Fourteenth Amendment, prohibits the government from taking private property without providing just compensation. *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). "In contrast to a physical taking, a regulatory taking occurs where 'government regulation of private property [is] so onerous that its effect is tantamount to a direct appropriation or ouster.'" *Rancho de Calistoga v. City of Calistoga*, 800 F.3d 1083, 1088–89 (9th Cir. 2015) (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005)). However, the United States Supreme Court's decision in *Williamson* "placed two hurdles in the way of a takings brought in federal court against states and their political subdivisions." *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686 (9th Cir. 1993). First, an as-applied challenge "is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson*, 473 U.S. at 186. Second, neither an as-applied nor a facial challenge is ripe until the plaintiff "seek[s] compensation through the procedures the State has provided for doing so." *Id.* at 194. A plaintiff need not seek such compensation if doing so would be futile. *Levald*, 998 F.2d at 686. Contrary to the City's contentions, the ripeness requirement is prudential rather than jurisdictional. *Rancho de Calistoga*, 800 F.3d at 1089.

Still, that prudential bar requires dismissal of Plaintiffs' takings claims. The FAC does not allege that the City reached a final decision regarding the Ordinance's applicability to Plaintiffs. Moreover, Plaintiffs have not alleged that Plaintiffs attempted to seek compensation for any alleged regulatory taking, or that doing so would be futile. As such, Plaintiffs' facial and as-applied challenges are not ripe. *See Williamson*, 476 U.S. at 194; *see also Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 657 (9th Cir. 2003) ("When passing the local ordinance at issue . . . municipalities generally have not had an opportunity to address the financial impacts on individual landowners. As a result, landowners must take follow-up action to seek state remedies before their claim is ripe.").

13
Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

In response, Plaintiffs point to the United States Supreme Court's grant of certiorari in *Knick v. Township of Scott*, 862 F.3d 310 (3d Cir. 2017), *cert granted*, 138 S. Ct. 1262 (2018). *See* Opp. at 19–21. The United States Supreme Court granted certiorari on the question "[w]hether the Court should reconsider the portion of *Williamson* . . . requiring property owners to exhaust state court remedies to ripen federal takings claims . . . ?" Petition for Writ of Certiorari, *Knick v. Township of Scott*, 138 S. Ct. 1262 (2018) (No. 17-647). Plaintiffs thus suggest that the United States Supreme Court may overrule *Williamson*'s ripeness requirements. Opp. at 21.

However, even if Plaintiffs' claims are ripe, Plaintiffs fail to state facial or as-applied Takings Clause claims. "Judicial decisions considering regulatory takings claims are typically characterized by essentially ad hoc, factual inquiries, designed to allow careful examination of all relevant circumstances." *Colony Cove Properties, LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018) (internal quotation marks omitted). Courts must consider factors drawn from *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978), including: "(1) the regulation's economic impact on the claimant, (2) the extent to which the regulation interferes with distinct investment-backed expectations, and (3) the character of the government action." *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1127 (9th Cir. 2013).

The City contends that Plaintiffs fail to allege any facts relevant to each *Penn Central* factor. Mot. at 15. Indeed, the FAC includes only the allegation that if Plaintiffs fail to comply with the Ordinance and Regulations, Plaintiffs "cannot increase rents on their tenants." *See* FAC ¶ 20. However, although landlords of unregistered units may not raise rents, San Jose, Cal., Code § 17.23.310(A), the Ordinance permits landlords to petition for a rent increase in order to receive a fair return. *Id.* at § 17.23.800. Plaintiffs' lone factual allegation does not plausibly state a claim for a taking "functionally equivalent" to the government's seizure of property. *See Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 645 (1993) ("[M]ere diminution in the value of property, however serious, is insufficient to demonstrate a taking.") (internal quotation marks omitted). Plaintiffs also fail to articulate any factual allegations relevant to the degree to which the Ordinance disclosure requirements affect Plaintiffs'

14
Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

distinct investment-backed expectations. *Cf. Rancho de Calistoga*, 800 F.3d at 1091 (rejecting regulatory takings claim because "when buying a piece of property, one cannot reasonably expect that property to be free of government regulation such as zoning, tax assessments, or, as here, rent control"). Thus, Plaintiffs' FAC fails to allege facts sufficient to state a regulatory takings claim.

Instead, and as noted above, Plaintiffs in their response brief appear to characterize the Takings Clause claims as resting on the Ordinance's imposition of unconstitutional conditions. Opp. at 18–19. At a basic level, Plaintiffs' FAC includes no such allegation connecting the Takings Clause and the doctrine of unconstitutional conditions. Regardless, Plaintiffs' purported unconstitutional conditions claim, which rests on *Koontz*, 570 U.S. 595, has no merit. Plaintiffs' argument appears to be that the Ordinance forces landlords to choose between complying with the Registry requirement or choosing not to raise rents. Opp. at 25. In *Koontz*, the United States Supreme Court held that the unconstitutional conditions doctrine bars the government from either granting or denying a government benefit based on whether "the applicant turn[s] over property." *Id.* at 606. In the instant case, Plaintiffs have not alleged how the Ordinance and Regulations require them to turn over property, or how the Ordinance disclosure requirements effectively require Plaintiffs to cede property. *Cf. id.* at 612 ("A predicate for any unconstitutional conditions claim is that the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing.").

Accordingly, Plaintiffs' Takings Clause claim must be dismissed.

### D. Equal Protection and Due Process Claims

Plaintiffs allege that the disclosure requirements violate the Equal Protection Clause because "similarly situated property owners and operators whose properties are not classified as subject to the ordinance and regulations . . . have not, are not, being treated by the City as [P]laintiffs are under the restrictions of the [O]rdinance and [R]egulations." FAC ¶ 26. Plaintiffs also allege that because "Plaintiffs' tenants . . . have a fundamental liberty and property interest" and the Ordinance infringes that interest, the Ordinance "subjects [P]laintiffs to liability from such tenants." FAC ¶¶ 18–19.

15
Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

As to the second allegation, Plaintiffs fail to allege how the Ordinance affects Plaintiffs' own liberty and property interests. The City frames the inquiry as one of standing, as the City contends that Plaintiffs "lack standing" to assert their tenants' rights. Mot. at 9. However, Plaintiffs appear to raise their tenants' rights as part of Plaintiffs' broader claim that the Ordinance and Regulations impose unconstitutional conditions on Plaintiffs. *See* Opp. at 25 (arguing that the Ordinance forces Plaintiffs to choose between "disclosing the tenants' personal information violating their due process rights (and possibly being sued) or not complying with the Ordinance and suffering severe criminal and economic sanction"). Thus, Plaintiffs do not appear to attempt to assert their tenants' rights. More to the point, Plaintiffs do not articulate how the Ordinance and Regulations harm Plaintiffs' own liberty and property interests. As a result, to the extent that Plaintiffs attempt to state a claim for a procedural due process violation, the FAC fails to do so. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–70 (1972) (holding that "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property").

Second, the City contends that Plaintiffs have not stated an Equal Protection Clause claim because Plaintiffs have not alleged facts showing that the Ordinance's classifications lack a rational basis. Mot. at 16. For example, the Ordinance applies to landlords of buildings offered for rent before September 7, 1979, but not to landlords of buildings offered for rent after that date. San Jose, Cal., Code § 17.23.167(A). The Ordinance also applies only to landlords of buildings containing more than two rental units, which means that landlords of duplexes are exempted. *Id.* at § 17.23.167(B)(4). Plaintiffs do not allege why the distinctions in the Ordinance violate the Constitution, but Plaintiffs' Equal Protection Clause claim appears to rest on the aforementioned distinctions. *See* FAC ¶ 26 (noting that "other rentals . . . are not [] being treated by the City as plaintiffs are under the restrictions of the ordinance and regulations").

Plaintiffs do not allege that they are members of a suspect class; accordingly, the Court applies rational basis review to their Equal Protection Clause claims. *Dandridge v. Williams*, 397 U.S. 471, 485 (1970); *see also Rancho de Calistoga*, 800 F.3d at 1094 (holding that on rational

16
Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

basis review, "where a group possesses distinguishing characteristics relevant to interests the State has the authority to implement, a State's decision to act on the basis of those differences does not give rise to a constitutional violation") (internal quotation marks omitted). The distinctions the Ordinance draws easily withstand such review. The City evaluated whether to subject landlords of certain duplexes to the Ordinance, but determined that the City could not afford to add more properties to rent control coverage without hiring additional staff members. ECF No. 24-1, Ex. B. at 18–19 (letter to City Council from Department of Housing director explaining why Ordinance did not cover duplex owners). Accordingly, the City's reason for applying the rent control ordinance to some—but not all—landlords was rational rather than arbitrary. *See Equity Lifestyle Props., Inc. v. Cty. of San Luis Obispo*, 548 F.3d 1184, 1195 (9th Cir. 2008) (rejecting an Equal Protection Clause challenge to a rent control ordinance that affected only mobile home owners because the county had determined that there was a short supply of mobile homes in the county). The Ordinance thus survives rational basis review.

Plaintiffs offer no argument in response, other than to cite *Orin v. Barclay*, 272 F.3d 1207 (9th Cir. 2001), for the proposition that Plaintiffs' Equal Protection Clause claims are "subsumed" under the Fourth Amendment, and that strict scrutiny applies. *Orin* involved a First Amendment claim, not a Fourth Amendment claim. *Id.* at 1213 n.3. Moreover, Plaintiffs in the instant case cite no authority for their conclusory assertion that strict scrutiny applies. For the reasons stated above, the Court must apply rational basis review to Plaintiffs' challenge, and the Ordinance survives such review.

Accordingly, Plaintiffs' Equal Protection Clause claim must be dismissed.

**E. Contracts Clause**

Plaintiffs allege that the Ordinance and Regulations violate the Contracts Clause because the Ordinance and Regulations "interfere[] with their private lease and rental contracts with their tenants." FAC ¶ 27. The City contends that the FAC is "silent" as to how the Registry affects Plaintiffs' contracts with Plaintiffs' tenants. Mot. at 22. In response, Plaintiffs contend that Plaintiffs have stated a Contracts Clause claim because the Ordinance "disturbs the privacy rights

17

of the parties contractual relationships" and the disclosure requirements violates "the property owners Fourth Amendment rights and the tenants due process privacy rights" [sic]. Opp. at 26. Plaintiffs alternatively "request leave to amend to specify the contractual relationships at issue that give rise to the claim." *Id.*

To determine whether a law affecting a pre-existing contract violates the Contracts Clause, the Court must apply a two-step test. *Sveen v. Melin*, 138 S. Ct. 1815, 1821 (2018). First, the Court asks whether the state law substantially impairs a contractual relationship based on "the extent to which the law undermines the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from safeguarding or reinstating his rights." *Id.* at 1821–22. Second, if step one is satisfied, the Court asks "whether the state law is drawn in an 'appropriate' and 'reasonable' way to advance a 'significant and legitimate public purpose.'" *Id.* at 1822 (citing *Energy Reserves Grp., Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411–12 (1983)). Here, Plaintiffs include only the vague allegation that the Ordinance and Regulations affect Plaintiffs' contracts with their tenants, but Plaintiffs do not specify how the Ordinance disclosure requirements affect those contracts. To the extent Plaintiffs specify how, Plaintiffs contend only that the Ordinance implicates Plaintiffs' Fourth Amendment rights. *See* Opp. at 26. For the reasons stated above, Plaintiffs have not stated a Fourth Amendment claim.

Accordingly, Plaintiffs fail to allege facts sufficient to state a Contracts Clause violation, and Plaintiffs' Contracts Clause claim must be dismissed.

### F. Leave to Amend

Having concluded that all of Plaintiffs' claims should be dismissed, the Court must consider whether to grant Plaintiffs leave to amend. The Court cannot conclude that amendment would be futile, and the Court will thus grant Plaintiffs leave to amend the deficiencies in the FAC. *See Lopez*, 203 F.3d at 1130 ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

## IV. CONCLUSION

18
Case No. 18-CV-02024-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

For the foregoing reasons, the Court GRANTS the City's motion to dismiss the FAC without prejudice.

Should Plaintiffs elect to file an amended complaint curing the deficiencies identified herein, Plaintiffs shall do so within thirty days of this Order. Failure to meet this 30-day deadline or failure to cure the deficiencies identified herein will result in a dismissal with prejudice of the deficient claims. Plaintiffs may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: October 4, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge